FILED
U.S. DISTRICT COURT
BRUNSWICK
2013 DEC 10 A 11:

CLERK C. Rabrow
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

GREGORY MAURICE SMITH,

    Petitioner,

vs.

                                      CIVIL ACTION NO.: CV213-093

SUZANNE R. HASTINGS,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Gregory Smith ("Smith"), who is currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Response, and Smith filed a Traverse. For the reasons which follow, Smith's petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Smith was convicted, after a jury trial, in the Southern District of Alabama, of: conspiracy to possess with intent to distribute crack cocaine, in violation of 21 U.S.C. § 846; possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841; and interstate transportation in aid of racketeering enterprises, in violation of 18 U.S.C. § 1952(a). Smith was sentenced to life imprisonment on the drug counts after the trial court found that Smith was responsible for at least 15 kilograms of crack cocaine and to 60 months' imprisonment on the racketeering count, to be served concurrently. (Doc.

No. 10, pp. 1–2). The Eleventh Circuit Court of Appeals affirmed Smith's convictions and sentences. United States v. Davis, 105 F.3d 671 (11th Cir. 1996) (Table).

Smith filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. The trial court denied Smith's motion initially and on reconsideration. The trial court later reduced Smith's sentence to 360 months' imprisonment based on a retroactive amendment to the United States Sentencing Guidelines. (Doc. No. 10, p. 2).

Smith then filed a section 2241 petition in the Southern District of Florida and asserted that he was actually innocent of the charged offenses. The Southern District of Florida dismissed Smith's petition for lack of jurisdiction. (Id. at p. 3).

In this petition, Smith contends that his trial counsel was ineffective for failing to object to the constructive amendment of the indictment and for failing to object to the jury instruction that the drug amount and type in the indictment need not be proven beyond a reasonable doubt. Respondent asserts that Smith does not satisfy the savings clause of 28 U.S.C. § 2255(e) and his petition should be dismissed.

## DISCUSSION AND CITATION TO AUTHORITY

Ordinarily, an action in which an individual seeks to collaterally attack his conviction should be filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a section 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis supplied). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Ramiro v. Vasquez, 210 F. App'x 901, 904 (11th Cir. 2006).

Smith's action is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Smith asserts that United States Supreme Court's recent decision in Alleyne v. United States, ___ U.S. ___, 133 S. Ct. 2151 (June 17, 2013), renders his sentence unconstitutional because the jury did not find sentence enhancing facts beyond a reasonable doubt. According to Smith, the Alleyne decision is retroactively applicable because this decision announced a new substantive rule of criminal law and his claims were foreclosed on previous occasions.

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255:

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244; Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1343 (11th Cir. 2013) (for a sentencing claim to proceed pursuant to § 2241, "the claim must be based upon a retroactively applicable Supreme Court decision" and "the

3

Supreme Court decision must have overturned a circuit precedent that squarely resolved the claim so that the petitioner had no genuine opportunity to raise it at trial, on appeal, or in his first § 2255 motion.").

Contrary to Smith's assertions, the Supreme Court did not declare that the new rule in Alleyne is retroactive on collateral review, nor is it likely to do so. United States v. Redd, 735 F.3d 88, 91 (2d Cir. 2013) (the Supreme Court did not expressly state that the new rule announced in Alleyne is retroactively applicable to cases on collateral review); Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2013) (the new constitutional rule announced in Alleyne has not been made retroactively applicable on collateral review, and Alleyne is an extension of Apprendi v. New Jersey, 530 U.S. 466 (2000), which itself is not retroactive, which indicates that Alleyne will not be made retroactively applicable); United States v. Stewart, No. 13-6775, 2013 WL 397401, at *1 n.1 (Sept. 27, 2013) (noting that Alleyne has not been made retroactively applicable to cases on collateral review); accord, In re Payne, ___ F.3d ___, 2013 WL 5200425, at * 1–2 (10th Cir. Sept. 17, 2013).[1]

Smith has not shown that his claims are based on a retroactively applicable Supreme Court decision which establishes that he was convicted of a non-existent offense. Nor has Smith shown that his claims were foreclosed on a previous occasion. In other words, Smith has not satisfied the requirements of § 2255's savings clause. See Wofford, 177 F.3d at 1244; see also Dean v. McFadden, 133 F. App'x 640, 642 (11th Cir. 2005) (noting that all three requirements of the Wofford test must be satisfied before section 2255's savings clause is satisfied). Because Smith has not satisfied the

---

[1] Alleyne overrules Harris v. United States, 536 U.S. 545 (2002), and holds that facts which increase mandatory minimum sentences must be submitted to a jury. Alleyne, ___ U.S. at ___, 133 S. Ct. at 2163–64.

requirements of § 2255's savings clause, he cannot "open the portal" to argue the merits of his claim. See Wofford, 177 F.3d at 1244 & n.3; see also Dean, 133 F. App'x at 642.

Smith cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as being filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Smith is doing nothing more than "attempting to use § 2241. . . to escape the restrictions of § 2255." Wofford, 177 F.3d at 1245.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Smith's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 10th day of December, 2013.

_____
JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE